APRIL 17, 1802.

# Cuthbert Harrison v. Joseph Jackson.

*Upon an appeal from a decree of the Court of Quarter Sessions of Nelson county.*

A court of chancery in this state can not grant a new trial in an action at law in another state, upon the commencement of an action here, on the judgment rendered in the action in the foreign state.

In this suit it is not proven that on the trial of the suit at law in the State of Virginia, alluded to in the appellant's bill, that the jury were guilty of any misconduct in rendering the verdict. Nor is it proven that the plaintiff at law had taken any improper advantage in the progress of that suit, or that any material fact had since been discovered: Indeed, the appellant only complains that he did not receive commissions to take the depositions of material witnesses residing in this state, for which he had repeatedly wrote to his agent, without proving that the disappointment was occasioned by unavoidable accident. The depositions of all those witnesses, it is presumed, were taken in the present suit; and it is certain that there is an irreconcilable contrariety in the testimony therein, which possibly might have induced a court of chancery, in Virginia, to have decreed a new trial at law, that the merits of the case might be more fully investigated, and the credibility of the jarring testimony which should be adduced be decided on by a jury, but, as a court of chancery in this state, can not effect these purposes. This court is of the opinion, that with peculiar propriety the court of quarter sessions for the county of Nelson refused to intermeddle with the case.

Wherefore, it is decreed and ordered, that the decree of the said court of quarter sessions be affirmed and stand unaltered; that the appellee may proceed to have the benefit of the same, and recover of the appellant ten per centum damages on the amount thereof, together with his costs in this behalf expended, which is ordered to be certified to the said court.